**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANTHONY LICARI,                              :
                                             :    Case No.:
         *Plaintiff,*                        :
                                             :
         v.                                  :
                                             :    Jury Trial Demanded
EQUIFAX INFORMATION SERVICES,                :
LLC,                                         :
                                             :
         *Defendant.*                        :
                                             :
_____        :

**COMPLAINT**

Anthony Licari ("Plaintiff" or "Licari"), by and through his attorneys, Kimmel &

Silverman, P.C., alleges the following against Equifax Information Services, LLC ("Equifax" or

"Defendant"):

**INTRODUCTION**

Plaintiff's Complaint is based on Defendant's violations of the Fair Credit Reporting Act,

15 U.S.C. § 1681 ("FCRA"). The factual and legal basis for those violations is set forth below:

**JURISDICTION AND VENUE**

2.      This Court has subject-matter jurisdiction over the FCRA claims in this action

under 15 U.S.C. § 1681p which states that "[a]n action to enforce any liability created under this

subchapter may be brought in any appropriate United States district court, without regard to the

amount in controversy."

3.      This Court has personal jurisdiction over Defendant because Defendant regularly

conduct business in the State of New York and because the occurrences from which Plaintiff's

cause of action arises took place and caused Plaintiff to suffer harms in the State of New York.

4.      For those reasons, personal jurisdiction exists.

- 1 -

5. Furthermore, because a substantial portion of the occurrences underlying this action occurred within this District, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who at all times relevant hereto, resided in White Plains, New York.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA.

8. Defendant Equifax is a business entity that regularly conducts business in the State of New York, with its headquarters at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

9. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Between January of 2024 and March of 2025, Plaintiff rented an apartment from "Continuum 55" in White Plains, New York, and for which he and his wife paid approximately $4,000 a month.

12. Despite the high cost of rent, beginning in July of 2024, the apartment began exhibiting severe mold issues which negatively impacted the health of Plaintiff and his wife, and ultimately rendered the apartment uninhabitable.

13. These issues stemmed from Continuum's repeated failure to properly maintain the apartment and respond to maintenance requests as required.

14. Plaintiff was constructively evicted due to those mold issues.

15.     Consequently, Plaintiff began withholding rent payments until the issues were resolved.

16.     Rather than uphold its obligations to maintain the apartment and keep the unit habitable, Continuum opted to file suit to recover the allegedly "unpaid" rent in the County Court of Westchester County on October 24, 2024. A true and correct copy of Continuum 55's collection suit is attached as Exhibit A.

17.     Plaintiff reported the apartment's conditions to the City of White Plains on December 13, 2024, and a code violation was issued to Continuum on December 20, 2024. A true and correct copy of that violation notice is attached as Exhibit B.

18.     Shortly thereafter, Plaintiff and his family vacated the apartment due to ongoing health and safety concerns.

19.     Recognizing the perilous health condition of its tenants from the toxic condition of the apartment, and the resulting futility of the landlord-tenant collection action, Continuum withdrew the landlord/tenant suit on April 8, 2025.

20.     Nonetheless, in or around June of 2025, Continuum 55 assigned the account to third-party debt collection agency National Credit Systems, Inc. ("NCS") alleging Plaintiff owed $31,795.83 in back rent.

21.     NCS/Continuum reported the invalid debt to consumer reporting agencies, including Equifax. An excerpt of Plaintiff's Equifax credit report displaying the account at issue is attached as Exhibit C.

22.     On October 27, 2025, Plaintiff disputed this account to NCS, as the debt was not owed due to the landlord's failure to maintain the apartment, and brought to NCS's attention the

withdrawal of the landlord/tenant suit. A true and correct copy of Plaintiff's dispute to NCS is attached as Exhibit D.

23.    Plaintiff further disputed the account with Equifax on November 17, 2025. Plaintiff's November 2025 dispute to Equifax is attached as Exhibit E.

24.    On December 5, 2025, NCS acknowledged Plaintiff did not owe the debt at issue, NCS issued a letter to Plaintiff confirming that the debt had been cancelled, that all collection efforts would cease, and that any credit reporting agencies listing the account would be requested to delete or update it. That letter is attached as Exhibit F.

25.    Accordingly, the account was removed from Plaintiff's Experian, Equifax, and TransUnion credit reports on or around December 8, 2025.

26.    However, on December 12, 2025, the account reappeared on Plaintiff's Equifax credit report.

27.    On or around that same date, Equifax also sent Plaintiff a statement that they had finished reinvestigating the account and that it had been incorrectly verified as accurate. Equifax's response to Plaintiff dated December 12, 2025 is attached as Exhibit G.

28.    Plaintiff once again disputed the account again with Equifax on January 14, 2026, highlighting that NCS had canceled the account, ceased collections attempts, and requested the account's removal. Plaintiff's second dispute to Equifax is attached as Exhibit H.

29.    On January 23, 2026, despite the fact Plaintiff did not owe the debt, Equifax sent Plaintiff a letter stating that his dispute was "frivolous." That letter is attached as Exhibit I.

30.    On February 5, 2026, Plaintiff filed a dispute against Equifax with the Consumer Financial Protection Bureau ("CFPB"). Plaintiff's CFPB dispute and Equifax's response thereto is attached as Exhibit J.

31.    On February 16, 2026, Equifax directly sent Plaintiff another statement again indicating that the debt had been allegedly verified. That statement is attached as Exhibit K.

32.    Equifax responded to Plaintiff's CFPB dispute on February 27, 2026, again maintaining that the debt had been verified. *See* Ex. J.

33.    To date, despite several disputes and ample documentation provided by Plaintiff, the account is still reported on Plaintiff's Equifax credit report.

34.    Plaintiff's credit score has been negatively affected by this inaccurate credit information, having dropped several hundred points from before the account was reported.

35.    Furthermore, the presence of a five-figure landlord collections account on Plaintiff's credit report has made it exceptionally difficult for Plaintiff and his wife to find new housing, and Plaintiff has been forced to accept a month-to-month arrangement with his current landlord at a substantially higher rate than he would otherwise pay.

36.    As a direct and proximate result of the foregoing, Plaintiff suffered an inadequate housing situation, loss of credit opportunities, stress, anxiety, sleep loss, anguish, loss of enjoyment, loss of economic opportunity, and other pecuniary and non-pecuniary harms, which are ongoing and continue to accrue.

## COUNT I
## DEFENDANT VIOLATED § 1681i OF THE FCRA

37.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

38.    At all times relevant hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

39.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

40.     At all times pertinent hereto, the above-mentioned credit report was "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

41.     15 U.S. Code § 1681i(a)(1)(A) provides that:

[i]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

42.     Plaintiff directly disputed the accuracy of several items of information on his consumer file to Defendant on several occasions, including November 17, 2025; January 13, 2026, and February 5, 2026.

43.     Defendant also received indirect notice from National Credit Systems that the information was inaccurate and was to be removed.

44.     Defendant failed to conduct a reasonable reinvestigation of the disputed information, as a reasonable reinvestigation would have shown that the debt was invalid and not owed, and that National Credit Systems had canceled the account.

45.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for negligently and willfully failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681i.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, ANTHONY LICARI respectfully prays for judgment against Defendant Equifax Information Services, LLC as follows:

  a. Statutory, actual and punitive damages against Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o;

- 7 -

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1681n(c), and;

c.  Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Anthony Licari, demands a jury trial in this case.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

*Craig T. Kimmel*
Craig T. Kimmel, Esq.
Jacob U. Ginsburg, Esq. (*phv* anticipated)
30 East Butler Ave.
Ambler, Pennsylvania 19002
Phone: (267) 468-5374
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com
jginsburg@creditlaw.com